IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  : Civil Action No. 09-930-JJF
                                         :
JANE DOE MENTAL HEALTH                   :
COUNSELOR OF D-WEST BUILDING,            :
                                         :
          Defendant.                     :

---

Ivan L. Mendez, Pro se Plaintiff.  James T. Vaughn Correctional
Center, Smyrna, Delaware.

---

**MEMORANDUM OPINION**

April 21, 2010
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ivan L. Mendez ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the Complaint.

## I. BACKGROUND

Plaintiff was transferred from the Medium Housing Security Unit ("MHU") on November 17, 2009. As of two weeks following his transfer, Defendant Jane Doe Counselor ("Doe") had not called or introduced herself to Plaintiff. It appears that Plaintiff sent a laundry request to an unnamed individual because he needed clothing during the winter months. He also refers to immigrants and murder. (D.I. 2.) Plaintiff subsequently filed a laundry room receipt wherein he received clothing. (D.I. 7.) He requests relief "the same as always." (D.I. 2.)

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary

1

relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to
state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1)
is identical to the legal standard used when ruling on 12(b)(6)
motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.
1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for
failure to state a claim under § 1915(e)(2)(B)). However, before
dismissing a complaint or claims for failure to state a claim
upon which relief may be granted pursuant to the screening
provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant
Plaintiff leave to amend his complaint unless amendment would be
inequitable or futile. See Grayson v. Mayview State Hosp., 293
F.3d 103, 114 (3rd Cir. 2002).

A well-pleaded complaint must contain more than mere labels
and conclusions. See Ashcroft v. Iqbal, -U.S.- , 129 S.Ct. 1937
(2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The
assumption of truth is inapplicable to legal conclusions or to
"[t]hreadbare recitals of the elements of a cause of action
supported by mere conclusory statements." Id. at 1949. When
determining whether dismissal is appropriate, the Court conducts
a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210
(3d Cir. 2009). First, the factual and legal elements of a claim
are separated. Id. The Court must accept all of the Complaint's
well-pleaded facts as true, but may disregard any legal
conclusions. Id. at 210-11. Second, the Court must  determine

3

whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[1] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949. (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

To the extent that Plaintiff attempts to allege a conditions of confinement claim or deliberate indifference to medical/mental health needs claim against Doe, he must allege that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosa, 153 F. App'x 851,

---

[1]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

2005 WL 2891102 (3d Cir. 2005) (not reported).  The Complaint
contains no allegations Doe acted with deliberate indifference.
Rather, he alleges she failed to contact him within two weeks of
his transfer from MHU.

Inasmuch as the Complaint is deficiently pled, it will be
dismissed.  However, since it appears plausible that Plaintiff
may be able to articulate a claim against Defendant (or name
alternative Defendants), he will be given an opportunity to amend
his pleading.  See O'Dell v. United States Gov't, 256 F. App'x
444 (3d Cir. 2007) (not published) (leave to amend is proper
where the plaintiff's claims do not appear "patently meritless
and beyond all hope of redemption").

## IV.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint
for failure to state a claim upon which relief may be granted
pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).
Plaintiff will be given leave to file an Amended Complaint.

An appropriate Order will be entered.